R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Eric Bowers*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ERIC BOWERS., <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT INTERNATIONAL HOTELS, INC., <br><br> Defendant. | **Case No.:** |

**COMPLAINT AND JURY DEMAND**

The plaintiff Eric Bowers ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, PC, for his Complaint against the defendant Marriott International Hotels, Inc. ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1.   This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2.      Plaintiff is an individual doing business as Eric Bowers Photography with an address at 1851 South 31st Street, Apt. D, Kansas City, Kansas.

3.      Upon information and belief, Defendant is a foreign corporation with a corporate headquarters at 10400 Fernwood Rd, Bethesda, Maryland, 20817 but operating numerous places of business in the Commonwealth.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper. Defendant operates, upon information and belief, approximately 46 separate hotel properties physically located in the Commonwealth.  Defendant's physical operations in the Commonwealth are so substantial and of such a nature as to render it at home in the Commonwealth.  Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Business**

7.      Plaintiff is a professional photographer based out of Kansas and, through his business Eric Bowers Photography, creates and licenses photographic images for various uses.

8. Plaintiff is renowned for his photography of architecture.

9. Plaintiff's intellectual property is very important to him.

10. Among the many photographs taken by the Plaintiff, Plaintiff is the original author of a photographic image at issue in this case (the "Copyrighted Work"), a copy of which is attached hereto as Exhibit A.

11. Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

12. Plaintiff has obtained registration with the United States Copyrighted Office for the Copyrighted Work. Attached hereto as Exhibit B is a copy of the certificate for registration obtained from the United States Copyright Office.

13. The Copyrighted Work is an original work of authorship.

B. **Defendant's Unlawful Activities**

14. Plaintiff has discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

15. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed and publicly displayed, without Plaintiff's authorization, at the website https://activites.marriott.com, screenshots of which are attached hereto as Exhibit C.

16. Upon information and belief, Defendant, or an agent acting on Defendant's behalf, located the Copyrighted Work on the internet and, without authorization from Plaintiff, first downloaded the Copyrighted Work to computer systems owned or operated by Defendant and then uploaded the Copyrighted Work to the infringing website, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing and publicly displaying the Copyrighted Work.

17. Upon information and belief, Defendant is responsible for the unlawful

3

reproduction, distribution, and public display of the Copyrighted Work.

18. Defendant's reproduction, distribution, and public display of Plaintiff's Copyrighted Work is without Plaintiff's authorization.

19. Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work is not accidental but knowing and willful and in reckless disregard of Plaintiff's rights. Defendant, a sophisticated company well familiar with copyright law, knew or should have known it needed permission to use Plaintiff's Copyrighted Work to promote Defendant's business, knew it lacked such permission, and proceeding to take and use Plaintiff's Copyrighted Work anyway.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq*.)

20. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

22. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

23. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendants' infringing website.

24. By its actions, as alleged above, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the infringing website.

25. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is

willful and deliberate and Defendant profited at the expense of Plaintiff.

26. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

27. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

28. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

29. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

30. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any work derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of

Civil Procedure.

Dated: June 10, 2021

                                            Respectfully submitted,

                                            RATH, YOUNG & PIGNATELLI, P.C.

                                            /s/ *R. Terry Parker*
                                            R. Terry Parker, Esquire
                                            RATH, YOUNG and PIGNATELLI, P.C.
                                            120 Water Street, Second Floor
                                            Boston, MA 02109
                                            Telephone: (603) 226-2600
                                            Email: rtp@rathlaw.com

                                            *Attorneys for Plaintiff*
                                            *Eric Bowers*